**FILED**

UNITED STATES DISTRICT COURT 2004 MAR 18 A 9: 19
DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
BRIDGEPORT, CONN

------------------------------------------------ X

LARRY POWELL,
       Plaintiff,

v.                                          300 CV 1085 (HBF)

THOMAS SCANLON and
BRIAN CRONIN
       Defendants

March 17, 2004

------------------------------------------------ X

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I. NATURE OF PROCEEDINGS

The plaintiff, an African-American, sues for false arrest (possession of narcotics) and excessive force after he was arrested on **March 4, 2000**.

He was tried in Stamford Superior Court (Nigro, J) (2/4 to 2/14/03) and convicted (on 2/14/03) after a jury trial for **possession of narcotics and assault on a police officer**. He was sentenced to five years in jail followed by three years of "special parole" in **April, 2003**; his conviction is currently under appeal, "State v. Powell", AC 24582. The decision on the appeal (which is in the beginning stages) will not happen for 1 to 2 years.

Mr. Powell is acting pro se in this litigation, having "fired" Phil Russell and Roy Ward, his former attorneys.

This Motion for Summary Judgment is filed pursuant to order of Mag. J. Fitzsimmons dated February 18, 2004.

The operative complaint is dated 6/8/00. The Amended Answer and Special Defenses is

dated 2/28/03.

On **3/4/00**, about 1:30 am, at a public housing project (Fairfield Court at Fairfield Avenue and High St in Stamford), Plaintiff claims that he was ringing the buzzer of female acquaintance when he was falsely arrested by PO Scanlon. After he was handcuffed, and not resisting arrest, Plaintiff testified that Officer Cronin used excessive force by hitting him with a flashlight or nightstick on his left leg.

This civil case was delayed by two events- Plaintiff "fired" his counsel, and Plaintiff was allowed time to get counsel, before proceeding pro se. Then, Plaintiff's criminal trial started on 2/4/03, completed by sentencing on 4/17/03, followed by an appeal of the conviction filed in August, 2003.

Mr. Powell claimed at the criminal trial (and in his federal complaint) that he did not possess packets of crack cocaine rolled up in his knit cap; that he did not resist arrest or assault a police officer after Officer Scanlon tried to handcuff him; that he was already handcuffed when he was hit in the leg by some police officer with a nightstick or flashlight, causing his leg fracture.

The police officers on the scene testified- Officer Scanlon who made the initial contact; Officer Cronin who ran to the scene, saw PO Scanlon and Plaintiff struggling, and subdued Mr. Powell; Sgt Van Allen who came on the scene and testified about the signs of struggle; and other officers about the crack cocaine found and the injuries to Officer Scanlon.

Both Mr. Powell and Officer Scanlon suffered injuries in their struggle. Officer Cronin admitted that when he saw them both on the ground, with the plaintiff in a kneeling position trying to throw Officer Scanlon off him, Officer Cronin struck plaintiff's out-stretched leg to force him to the ground and to subdue him. This caused a hairline fracture in Plaintiff's left leg or tibia.

2

After a jury trial on February 4, 5, 6 and 11, 2003, the jury convicted Mr. Powell of possession of narcotics and assault on a police officer on February 14, 2003. Mr. Powell was sentenced on April 18, 2003 to five years in jail.

Mr. Powell has filed an appeal of that conviction by papers filed on August 25, 2003 (a certified copy of the appeal is attached hereto as Exhibit K).

The defendants have filed a Motion for Summary Judgment, pursuant to a scheduling order of Magistrate Judge Holly Fitzsimmons.

This memorandum in support of the City's Motion for Summary Judgment is accompanied by a Local Rule 56 (a) 1 Statement of Facts ("S/F"), the criminal trial transcripts, and other exhibits. [1]

## II. FACTS

The Facts are taken from the Local Rule 56 (a) 1 statement of facts which refers to the criminal transcripts and Exhibits A-K.

### A. Arrest by Officer Scanlon

On March 4, 2000 at approximately 0133 Officer Thomas Scanlon observed a vehicle parked in the middle of the road, in front of 27 High Street, a known drug location and site of a recent raid by the Stamford Narcotics Unit. PO Scanlon recognized the Plaintiff when he exited the car and entered the Fairfield Court Housing Complex through the rear parking lot. PO Scanlon asked the driver if he knew the Plaintiff and the driver said no. (S/F 1-5).

Officer Scanlon yelled for Mr. Powell to stop which the plaintiff ignored. Officer

---

[1] A-Criminal transcript summary; B- Off. Scanlon's incident report; C-Criminal transcript for 2/4/03; D- transcript, 2/5/03; E- transcript, 2/6/03; F- transcript, 2/11/03; G- transcript, 2/13/03; H- transcript, 2/14/03; I- transcript, 2/17/03; J- transcript, 4/17/03; K-Certified copy of

3

Scanlon then walked into the complex and observed Mr. Powell at the door of building 12. He asked Mr. Powell if he had drugs; Mr. Powell denied that he did, and PO Scanlon frisked Mr. Powell, and felt lumps of a substance in the fold of Mr. Powell's knit cap. (S/F 5-9).

Mr. Powell did not dispute the above, admitting that he went to Fairfield Court to buy marijuana for the driver of the car that PO Scanlon interviewed, that he stopped and talked to PO Scanlon, and allowed PO Scanlon to frisk him. S/F 10-15.

At this point the Plaintiff's story differs from PO Scanlon- he claimed that he did not have the knit cap that was recovered, did not possess cocaine, and did not resist arrest by PO Scanlon. S/F 14-16.

Officer Scanlon told the plaintiff to put his hands behind his back. A scuffle ensued. Officer Scanlon was at a disadvantage because of his smaller size relative to the plaintiff. Officer Scanlon yelled at the plaintiff to stop resisting, but the plaintiff struggled and tried to escape, and reached for the officer's gun. Officer Scanlon tried to cap-stun the plaintiff but failed to subdue him. They struggled, with Plaintiff running away and PO Scanlon tackling him twice, when PO Scanlon keyed his radio and yelled "Code 20 Fairfield Court." (S/F 17-22).

A dispatcher repeatedly tried to call Officer Scanlon to get the exact location and conditions, but the officer was unable to grab his radio and advise. Officer Scanlon then heard police sirens approaching and heard other officers and yelled to them that he needed help in the courtyard. (S/F 24-25).

### B. Role of Officer Cronin- Use of Force

Officers Cronin and Dognali were first on the scene and assisted Officer in subduing

---

conviction, and L- certified copy of appeal of criminal conviction.

Mr. Powell. Officer Cronin admitted that he struck Mr. Powell's leg with his foot, in an attempt to force Mr. Powell to the ground. (S/F 26-38).

Officer Cronin saw Officer Scanlon trying to restrain Mr. Powell. Mr. Powell was facing the ground swinging his elbows at Officer Scanlon's head. Officer Cronin, in order to gain control over Mr. Powell and to get him into a handcuff position, made a downward kicking/striking motion to Mr. Powell's lower calf with his right foot to bring Mr. Powell to a flat position. (S/F 33-37).

PO Dognali testified that he saw Mr Powell resisting arrest, struggling with PO Scanlon, and he demonstrated to the jury and under cross examination how he saw Mr. Powell fighting PO Scanlon; how he yelled at him to stop resisting and to give him his hands. (S/F 42-49).

~~Sgt. Van Allen and Sgt Martin arrived~~. Both testified that they observed signs of a violent struggle because of the condition of PO Scanlon (mud all over his uniform, his pepper spray canister on the ground, mud in his gun belt, and damage to his holster) and because PO Cronin and Dognali were breathing heavily. (S/F 50-57).

The jury saw physical evidence because of Polaroid photos of the mud on PO Scanlon, damage to his holster, and abrasions to his knee. Ex. J to this Motion includes the list of exhibits admitted in the criminal trial. (S/F 39-40).

Mr. Powell testified and offered testimony from various witnesses. (S/F 58-69).

Mr. Powell was taken by ambulance to the hospital after complaining of pain to his leg but the hospital required that his mother sign a consent to perform medical treatment on Mr. Powell since his blood analysis showed that he was under the influence of cocaine. (S/F 79, 82-

83).

Officer Scanlon retrieved Mr. Powell's cap where he recovered six plastic bags of cocaine and one loose rock. At trial an expert testified that these lumps of white substance amounted to 1.1 grams of cocaine. They were admitted into evidence. (S/F 70-74).

Despite Mr. Powell's testimony that he suffered a compound fracture, and saw the white bone sticking out of his leg, Exhibit K (X-ray) was introduced and explained by a doctor that it showed a hairline fracture of the shin, consistent with a blow by a "shod foot" as described by PO Cronin. (S/F 78, 85).

The jury found against Mr. Powell, and found that he was guilty of possession of narcotics and assault on a police officer on 2/14/03. (S/F 86).

On 4/17/03, Judge Martin Nigro sentenced Mr. Powell to five years in jail, followed by three years of special parole. This sentence and conviction is on appeal, "State v. Powell", AC 24582 (S/F 86-89; Ex. K is the certified copy of the notice of appeal).

## III. **STANDARD FOR SUMMARY JUDGMENT**

Under Rule 56, a motion for summary judgment may be granted if the court determines that there is no genuine issue of material fact to be tried and the moving party in entitled to judgment as a matter of law. See *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, 273-274 (1986). However, only a dispute over material facts, that is, those facts that might affect the outcome of the suit under governing substantive law will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202, 211 (1986). Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc., supra.*

A dispute about facts is genuine only if the evidence is such that a reasonable jury could return

6

a verdict for the nonmoving party. *Anderson, supra,* 211-212. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Id.,* 212. The standard is the same as that for a directed verdict. The trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Id.,* 213.

When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper. *Gallo v. Prudential Residential Services,* 22 F.3d 1219, 1224 (2d Cir. 1994), *citing Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1114 (2d Cir. 1988).

## IV. ARGUMENT

### 1. The court lacks jurisdiction over Plaintiff's claims because the criminal appeal must be decided before Plaintiff can attempt to collaterally impeach the jury verdict

In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court stated that a criminal conviction for possession of narcotics and resisting arrest bars Plaintiff's § 1983 suit for false arrest and excessive force when he is in state custody. *See Leather v. Ten Eyck,* 180 F.3d 420, 423-24 (2d Cir. 1999); *Jenkins v. Haubert,* 179 F.3d 19, 21 (2d Cir. 1999).

Here Plaintiff is in state custody. He is Inmate number 142982, and as of today's date, resides at Cheshire prison, North Block 401, 900 Highland Ave, Cheshire CT 06410; his counselors are either Mr. Gallick or Mr. Clark (203-250-2049); the central number of Cheshire is 250-2600.

For a Section 1983 plaintiff to "recover damages for allegedly unconstitutional

7

conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must show that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Berman v. Turecki*, 885 F.Supp. 528, 532 (S.D.N.Y 1995).

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court addressed the question of whether a state prisoner could challenge the constitutionality of his conviction in an action for damages under 42 U.S.C. § 1983 and analogized § 1983 actions to the common-law cause of action for malicious prosecution. *Id.* at 484. The Court noted that an essential element of the tort of malicious prosecution was the "termination of the prior criminal proceeding in favor of the accused." *Id.* (citing W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser & Keeton on Law of Torts 888 (5 th ed.1984)).

Without such a decision in favor of the accused, a cause of action for malicious prosecution amounts to a highly disfavored collateral attack on the validity of the conviction. The Court pointed out the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id.* Reasoning therefrom, the Court maintained that Section 1983 actions "are not appropriate vehicles for challenging the validity of outstanding criminal judgments ... that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Id.*

A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of this conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 486-87.

The *Heck* Court provided examples of situations in which such questions may arise. *See id.* at 487, nn. 6-8. Of particular importance is the Court's explanation in footnote seven, where the Court stated that "[i]n order to recover compensatory damages,.. the § 1983 plaintiff must prove not only that the [defendant's action] was unlawful, but that it caused him actual, compensable injury, which, we hold today, *does not encompass the 'injury' of being convicted and imprisoned* (until his conviction has been overturned)." *Id.* (emphasis added).

Because judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction, the claims against these defendants--under *Heck v. Humphrey*--must be dismissed as a matter of law. *See Heck v. Humphrey,* 512 U.S. at 487.

### 2. **Plaintiff's claim under Section 1983 for false arrest and excessive force is barred by the criminal conviction**

The Second Circuit has made clear that a claim for false arrest under section 1983 requires the plaintiff to prove that the criminal proceedings underlying the offense "terminated in some manner indicating that the person was not guilty of the offense charged." *Singleton v. City of New York,* 632

9

F.2d 185, 194-95 (2d Cir. 1980); cert. denied, 450 U.S. 920 (1981) (malicious prosecution); *Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992) (extending *Singleton* to claims of false arrest).

No federal claim can exist absent such proof. *Singleton*, 632 F.2d at 195. "To hold otherwise would permit a defendant to relitigate the issue of probable cause by way of a § 1983 action, despite the state court's determination of that issue against him after full and fair consideration of the evidence, thus posing the prospect of harassment, waste and endless litigation, contrary to principles of federalism." *Id.*; see also **Heck v. Humphrey**, 512 U.S. 477, 486-87 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," no claim is available under section 1983 unless the prisoner can demonstrate that the conviction or sentence had previously been invalidated).

V. **CONCLUSION**:

For all the foregoing reasons, the defendants' motion for summary judgment should be granted as to Plaintiff's complaint, and that it be dismissed.

> THE DEFENDANTS
> THOMAS SCANLON, et al
>
> THOMAS M. CASSONE
> DIRECTOR OF LEGAL AFFAIRS
>
> BY _____
> James V. Minor
> Assistant Corporation Counsel
> Bar No. CT 05963
> 888 Washington Boulevard
>   box 10152
> Stamford, CT 06904-2152
> 977-4087 fax 203-977-5560

10

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed postage prepaid on March 17, 2004 to the following:

Larry Powell, Inmate number 142982
North Block 401
900 Highland Ave
Cheshire CT 06410
Tel general office- 203-250-2600; Counselor Gallick/Clark  203-250-2049

_____
James V. Minor